HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

THOMAS EVANS DUNIGAN, et al,

                Defendants.

Case No. CR05-5823RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon Defendant Dunigan's Motion to Dismiss the Indictment for Speedy Trial Act Violations and, alternatively, to Dismiss Counts 5 and 6 as Duplicitous and Multiplicitous [Dkt. #143].

Having considered the entirety of the records and file herein, the Court rules as follows:

This case arises out of the kidnapping and murder of Christopher Jerry. Jerry's body was found near the ASP crash gate at Fort Lewis, Washington on August 31, 2005. Dunigan and four co-defendants are charged in a seven count Third Superseding Indictment. He is named in all seven counts: Count 1 (Conspiracy to Kidnap), Count 2 (Conspiracy to Murder), Count 3 (Kidnapping Resulting in Death), Count 4 (First Degree Murder), Count 5 (Brandishing a Firearm During and in Relation to a Crime of Violence), Count 6 (Discharging a Firearm During and in Relation to a Crime of Violence), and Count 7 (Witness Tampering).

1  **MOTION TO DISMISS THE INDICTMENT FOR SPEEDY TRIAL ACT VIOLATIONS**

2       Dunigan moves to dismiss the indictment against him for violation of his right to a speedy trial.  His

3  position is that the three continuances of his trial date, granted over his objection at the request of his co-

4  defendants, violates his rights under the Speedy Trial Act, 18 U.S.C. § 3161 <u>et. seq.</u>  Dunigan argues that the

5  government suspected his co-defendant Markus Moore was the shooter as early as October, 2005 and that

6  delaying indicting Moore until June 1, 2006, which was less than two weeks before the scheduled June 12,

7  2006 trial date, "ensured that his new counsel would ask for a continuance." <u>Motion</u>, p. 6, line 18.  According

8  to Dunigan, this action by the government caused this Court to grant a continuance which violated his right

9  to a speedy trial.

10       Dunigan is mistaken.  The Executive branch (through the Office of the United States Attorney) has the

11  discretion to decide whom, when, and what to charge.  So long as they do not exercise that discretion based

12  on some "unjustifiable standard such as race, religion or other arbitrary clarification," *Bordenkircher v. Hayes*,

13  434 U.S. 357, 364 (1978) (citations omitted), this Court shall not intervene.  Dunigan does not allege that the

14  United States Attorney based his decision to seek a Third Superseding Indictment on an "unjustifiable

15  standard"; therefore, this Court shall not dismiss the charges against the defendant because of the delay in

16  charging Moore.  Furthermore, because Dunigan was properly joined with his co-defendants for trial, and no

17  motion for severance has been granted, the excludable time as to the co-defendants under the Speedy Trial Act

18  is also excludable as to Dunigan.  18 U.S.C. § 31612(h)(7).  The motion to dismiss for Speedy Trial Act

19  violations will be denied.

20  **MOTION TO DISMISS COUNTS 5 AND 6 AS DUPLICITOUS AND MULTIPLICITOUS**

21       Dunigan argues that Count 5 (Brandishing a Firearm During and in Relation to a Crime of Violence)

22  and Count 6 (Discharging a Firearm During and in Relation to a Crime of Violence) are both duplicitous and

23  multiplicitous.  The government concurs that the indictment mischarges the defendant.  Under *United States*

24  *v. Washington*, 462 F.3d 1124 (9th Cir. 2006) "brandishing" and "discharging" a firearm are sentencing factors

25  and not elements of a crime.  Therefore, the government indicates it will seek to supersede the indictment to

26  merely charge possession of the rifle as to the kidnapping charge and possession of the handgun as to the

27  murder charge.  Therefore, Dunigan's alternative motion to dismiss Counts 5 and 6 will be denied without

28  prejudice.  If the government fails to supersede the indictment, the Court will revisit this issue.

Dunigan's Motion to Dismiss the Indictment for Speedy Trial Act Violations [Dkt. #143] is **DENIED** and his alternative Motion to Dismiss Counts 5 and 6 [Dkt. #143] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 8th day of January, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3