UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>     v.<br><br>THOMAS EVANS DUNIGAN,<br><br>                         Defendant. | CASE NO. CR05-5823RJB<br><br>ORDER GRANTING DEFENDANT DUNIGAN'S AMENDED MOTION IN SUPPORT OF COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) |

THIS MATTER comes before the Court on the above-referenced motion (Dkt. 342). The Court is familiar with the records and files herein and all documents filed in support of, and in opposition to, the motion. The Court is fully advised.

Defendant was convicted of Kidnapping Resulting in Death and was sentenced to 240 months in prison and five years of supervised release. He has now served approximately 184 months with a current release date of January 6, 2023.

/ / /

/ / /

/ / /

/ / /

ORDER GRANTING DEFENDANT DUNIGAN'S AMENDED MOTION IN SUPPORT OF COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I)  - 1

# THE LAW[1]

In pertinent part, 18 U.S.C. § 3582(c)(1) reads as follows:

(c)  Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
  (1)  in any case--
    (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
      (i) extraordinary and compelling reasons warrant such a reduction; or
      (ii) . . . .
    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced by the statute is USSG § 1B1.13 was required by 28 U.S.C. § 944(f), which provides:

The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

In pertinent part, the policy statement at USSG § 1B1.13 provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
    (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) The reduction is consistent with this policy statement.

---

[1] The sections herein on <u>The Law</u> and <u>Discussion – Legal Issues</u> are taken from this Court's Order Granting Motion for Compassionate Release (Dkt 209) in *United States v McPherson*, WDWA Cause Number CR94-5708RJB, and are equally applicable here.

ORDER GRANTING DEFENDANT DUNIGAN'S AMENDED MOTION IN SUPPORT OF COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. §  3582(C)(1)(A)(I)  - 2

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons**. – Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) **Medical Condition of the Defendant** –
   
   (i)  The defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic later sclerosis (ALS), end-stage organ disease, and advance dementia.
   
   (ii) The defendant is –
   
   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process
   
   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
   
   (B)  **Age of the Defendant**.--The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
   
   (C) **Family Circumstances** –
   
   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
   
   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
   
   (D) **Other Reasons**.—<u>As determined by the Director of the Bureau of Prisons,</u> there exists in the defendant's case an extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivision (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of Defendant**.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director or the Bureau of Prisons**.—<u>A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons</u> pursuant to 18 U.S.C. § 3582(c )(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

DISCUSSION – LEGAL ISSUES

First, because of the existing Policy Statements at USSG § 1B1.13 were adopted <u>before</u> 18 U.S.C. § 3582 (c)(1), parts of the Policy Statements are obsolete and must be disregarded. The parts to be disregarded are underlined, above.

Second, 28 U.S.C. § 944(f) required the Sentencing Commission in the Policy Statement, to include "the criteria to be applied" in considering extraordinary and compelling reasons for sentence reduction. This the Commission failed to do, except for determining, in Application Note 4, that, "The court is in an unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement" followed by a non-exclusive list of things the Court should consider. This listing of things the Court should consider hardly sets the criteria for a finding of extraordinary and compelling reasons for a sentence reduction, leaving it to the Court to determine what qualifies, after appropriate analysis.

ORDER GRANTING DEFENDANT DUNIGAN'S AMENDED MOTION IN SUPPORT OF COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. §  3582(C)(1)(A)(I)  - 4

Third, these further observations support this conclusion: First, the listing of examples of extraordinary and compelling reasons in the Policy Statements § 1B113 and Application notes is not, by its language, exclusive.  Second, the listing of things that are not considered extraordinary and compelling does not limit what else may be considered extraordinary and compelling.  Third, Application Note 1(D) clearly opens the door to consider reasons other than the examples listed in determining whether extraordinary and compelling reasons for a sentence reduction exists.

"Extraordinary and compelling" means "extraordinary and compelling."

### DISCUSSION – DEFENDANT'S CLAIMS

<u>Health Issues</u>.  Defendant seeks sentence reduction on the grounds of his health issues (obesity, COVID-019, hypertension and pre-diabetes).  Dkt. 342 at 2.  "[T]he government acknowledges that obesity is a risk factor under the CDC Guidelines, which the Court could determine amounts to an extraordinary and compelling reason to consider him for a compassionate release . . . ."  Dkt. 347 at 11.  In light of the fact that Defendant has already contracted COVID-19 (all be it, apparently, a mild case), the Court finds that Defendant's obesity (he is 5'8, 232 pounds, with a BMI of 37.2 (*see* Dkt. 342 at 4)), along with his other health issues, amounts to extraordinary and compelling reasons to consider him for a compassionate release – if he otherwise qualifies.

<u>Exhaustion</u>.  There is no question that Defendant has fulfilled the exhaustion requirement.

<u>Defendant's Sentence</u>.  Defendant's serious crime earned him a reasonable 20-year sentence.  This Order is not an attempt by this Court to re-sentence the Defendant, or to be critical of his original sentence.  It was well-earned and reasonable.

ORDER GRANTING DEFENDANT DUNIGAN'S AMENDED MOTION IN SUPPORT OF COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. §  3582(C)(1)(A)(I)  - 5

<u>Defendant's Rehabilitation</u>.  Defendant accepted responsibility early, and has shown remorse.  He has used his over 15 years of prison time productively, both personally and for the benefit of others (s*ee* Dkt. 342 at 6-7, as well as his *pro se* Motion (Dkt. 333), and his Motion for Appointment of Counsel (Dkt. 330)).  He has family support and a satisfactory release plan.  His rehabilitation has been – and is – extraordinary and compelling and supports his health-related extraordinary and compelling reasons for a sentence reduction.

## CONCLUSION ON EXTRAORDINARY AND COMPELLING FACTORS

The foregoing factors, considered together, amount to extraordinary and compelling factors justifying a sentence reduction to time served – if Defendant is safe to be at large and the 18 U.S.C. § 3553(a) factors support the reduction.

<u>18 U.S.C. § 3553(a) factors</u>.  The Defendant's crime justified a long prison sentence in order to protect the public and to provide punishment.  The question before the Court is whether, and to what degree, his characteristics have changed for the better during his already long incarceration.  It appears to the Court that he is a different man now than he was in 2005.  *See* above section <u>Rehabilitation</u>.

It further appears to the Court, and the Court finds, that the time Defendant has served reflects the seriousness of his crimes and criminal history, provides just punishment and promotes respect for the law.  The Court further finds that the time Defendant has served has afforded adequate deterrence to criminal conduct and has amply protected the public from further crimes of Defendant.  Further incarceration would serve no purpose for Defendant or the public.  The Court finds that Defendant is safe to be at large, and poses no danger to any individual or the public, provided that he follow a satisfactory release plan (Dkt. 338) and the requirements of his term of supervised release and the conditions thereof.

ORDER

Therefore, it is now ORDERED that Defendant Dunigan's Amended Motion in Support of Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. 342) is GRANTED. It is further

ORDERED that Defendant's term of imprisonment shall be reduced to time served and he shall be released 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP will notify the Government who will immediately notify the Court so the Order can be modified appropriately.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 22nd day of January, 2021.

ROBERT J. BRYAN
United States District Judge